UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK STEPHEN WICKLUND, | Case No. 1:09-CV-00674-EJL-CWD |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| IDAHO DEPARTMENT OF CORRECTIONS, a department of the State of Idaho, IDAHO COMMISSION OF PARDON AND PAROLE, a commission of the State of Idaho, STATE OF IDAHO SANE SOLUTIONS, TERRY REILLY HEALTH SERVICES, KEN BENNETT, an individual, MOIRA LYNCH, an individual, WILLIAMS C. YOUNG, an individual, BRANDON SUTHERLAND, an individual, ELISSA MEZO, an individual, MARK MCCULLOUGH, an individual, HEIDI HART, an individual, | |
| Defendants. | |

Pending before the Court in the above-entitled matter is Defendants' Motion to Dismiss (Dkt. 52) filed on May 17, 2012. The motion alleges all claims against all defendants should be dismissed based on Plaintiff's failure to appear or have new counsel appear on his behalf after his counsel was allowed to withdraw. Plaintiff filed a Notice of Pro Se Appearance on June 6, 2012 (Dkt. 54). The Court granted Plaintiff thirty days to

file a response to Defendants' motion to dismiss (Dkt. 55). Plaintiff did not file a response to the motion.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Court withdraws its referral of this motion to Chief United States Magistrate Judge Candy W. Dale and the matter shall be decided on the record before this Court without oral argument.

The Court notes that all defendants and claims, except the First Amendment claim against Defendant Ken Bennett, have already been dismissed from this case. State of Idaho Defendants have filed an appeal of this Court's order denying the motion for summary judgment based on qualified immunity. Plaintiff filed a cross appeal. A briefing schedule was issued by the Ninth Circuit (Dkt. 50).

The Court finds as to all defendants, except Mr. Bennett, the motion to dismiss is moot as such defendants have already been dismissed with prejudice. As to Mr. Bennett, the Court finds it would be improper for this Court to dismiss without prejudice the First Amendment claim against Mr. Bennett when the pro se Plaintiff has now filed a Notice of Appearance and the matter is on appeal. "Once a notice of appeal is filed, the district court loses jurisdiction over a case." *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over

MEMORANDUM DECISION AND ORDER- 2

those aspects of the case involved in the appeal." )).

Moreover, even if this Court was found to have jurisdiction over the pending motion to dismiss, the Court would decline to grant such relief.  It is unfortunate that Plaintiff did not file his Notice of Appearance in a timely manner, but there is some uncertainty as to the day he was served with a copy of the Order allowing his counsel to withdraw and he has now filed his appearance.  The Ninth Circuit has set forth the factors to be weighed in dismissing a case:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In applying these factors, the Court finds the Plaintiff's failure to timely file his notice of appearance does not outweigh the public policy favoring disposition of cases on the merits and at this stage of the litigation there is no risk of prejudice to the Defendants due to the late filing of the notice of appearance by the pro se litigant.  In the interests of justice, the Court finds having this matter against Mr. Bennett decided on the merits is the proper way to proceed and the motion to dismiss (Dkt. 52) is DENIED.  Until the Ninth Circuit resolves the current appeals, no further pleadings will be entertained by this Court.

So Ordered.

DATED:  **August 21, 2012**

Honorable Edward J. Lodge
U. S. District Judge